UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTINE YELENA ORTIZ BERBEY :
:
    Plaintiff :
vs. : CASE NO.: 3:21CV-213-BJB
:
GARY KIT, JR. :
825 Shell Lane :
Longwood, FL 32750-8415 :
:
and :
:
HIGHLAND STUDENT HOUSING :
HOLDINGS, LLC :
2970 Clairmont Road NE, Suite 310 :
Atlanta, GA 30329 :
:
   SERVICE VIA REGISTERED AGENT: :
     CAPITOL SERVICES, INC. :
     1675 S. State St., Suite B :
     Dover, DE 19901 :
:
EVEREST CAMPUS SERVICES COMPANY, LLC :
2970 Clairmont Road NE, Suite 310 :
Atlanta, GA 30329 :
:
   SERVICE VIA REGISTERED AGENT: :
     CAPITAL CORPORATE SERVICES, INC. :
     3675 Crestwood Pkwy NW, Suite 350 :
     Duluth, GA 30096 :
:
EVEREST CAMPUS CENTRAL, LLC :
2970 Clairmont Road NE, Suite 310 :
Atlanta, GA 30329 :
:
   SERVICE VIA REGISTERED AGENT: :
     CAPITAL CORPORATE SERVICES, INC. :
     828 Allen Road, Suite 219 :
     Lexington, KY 40504 :
:
:
:
:

| | |
|---|---|
| PEAK CAMPUS MANAGEMENT, LLC | : |
| 2970 Clairmont Road NE, Suite 310 | : |
| Atlanta, GA 30329 | : |
| | : |
|    SERVICE VIA REGISTERED AGENT: | : |
|       CAPITAL CORPORATE SERVICES, INC. | : |
|       828 Allen Road, Suite 219 | : |
|       Lexington, KY 40504 | : |
| | : |
| PEAK CAMPUS COMPANIES, LLC | : |
| 2970 Clairmont Road NE, Suite 310 | : |
| Atlanta, GA 30329 | : |
| | : |
|    SERVICE VIA REGISTERED AGENT: | : |
|       CAPITOL SERVICES, INC. | : |
|       1675 S. STATE ST., SUITE B | : |
|       DOVER, DE 19901 | : |
| | : |
| HRB LOUISVILLE LLC | : |
| C/O John Buck Company | : |
| 225 W. Washington Street, Suite 2300 | : |
| Chicago, IL 60606 | : |
| | : |
|    SERVICE VIA REGISTERED AGENT: | : |
|       THE CORPORATION TRUST COMPANY | : |
|       Corporation Trust Center | : |
|       1209 Orange Street | : |
|       Wilmington, DE 19801 | |

      Defendants

## **COMPLAINT**

    Comes now the Plaintiff, who is named in the caption above, by and through counsel, and for her complaint against the Defendants named in the caption above, state and aver as follows:

### **PARTIES, JURISDICTION AND VENUE**

    1.    At all times mentioned herein the Plaintiff, Christine Yelena Ortiz Berbey, was a resident of 2330 Crittenden Drive, Louisville, KY 40217.

2. Defendant, Gary Kit, Jr., is and was at all relevant times mentioned herein a resident of Orange County, Orlando, Florida.

3. Defendant, Highland Student Housing Holdings, LLC, is a foreign limited liability corporation not registered in Kentucky, but conducting business in the state of Kentucky whose registered agent for service of process, according to the Delaware Secretary of State, is Capitol Services, Inc., 1675 S. State St., Suite B, Dover, DE 19901.

4. Defendant, Everest Campus Services Company, LLC, is a foreign limited liability corporation not registered in Kentucky, but conducting business in the state of Kentucky whose registered agent for service of process, according to the Georgia Secretary of State, is Capital Corporate Services, Inc., 3675 Crestwood Pkwy. NW, Suite 350, Duluth, GA 30096.

5. Defendant, Everest Campus Central, LLC, is a foreign limited liability corporation registered and conducting business in the state of Kentucky whose registered agent for service of process, according to the Kentucky Secretary of State, is Capital Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

6. Defendant, Peak Campus Management, LLC, is a foreign limited liability corporation registered and conducting business in the state of Kentucky whose registered agent for service of process, according to the Kentucky Secretary of State, is Capital Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.

7. Defendant, Peak Campus Companies, LLC, is a foreign limited liability corporation not registered in Kentucky, but conducting business in the state of Kentucky whose registered agent for service of process, according to the Delaware Secretary of State, is Capitol Services, Inc., 1675 S. State St., Suite B, Dover, DE 19901.

8. Defendant, HRB Louisville, LLC, is a foreign limited liability corporation not registered in Kentucky, but conducting business in the state of Kentucky whose registered agent for service of process, according to the Delaware Secretary of State, is The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

9. This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(a), by reason of diversity of citizenship of the parties and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the injury alleged herein occurred within the boundaries of this Court.

## FACTS

11. On or about April 6, 2020, Plaintiff, Christine Yelena Ortiz Berbey, was a resident of The Clubhouse Apartments located at 2330 Crittenden Drive, Louisville, KY 40217.

12. On or about April 6, 2020, Defendant, HRB Louisville, LLC, was the owner of The Clubhouse Apartments.

13. On or about April 6, 2020, Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, were the property managers for The Clubhouse Apartments.

14. On or about April 6, 2020, Defendant, Gary Kit, Jr. was an employee of Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC.

15. On or before April 6, 2020, Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, shut down the exercise room at The Clubhouse Apartments so its residents did not have a place to exercise.

16. On or before April 6, 2020, Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, encouraged their residents to use the top floor of The Clubhouse Apartments' parking garage to walk their pets and to exercise since the top floor was never used for parking.

17. On or about April 6, 2020, Christine Yelena Ortiz Berbey, was using the top floor of The Clubhouse Apartments' parking garage to perform yoga as she had done numerous times in the past.

18. On or about April 6, 2020, Defendant, Gary Kit, Jr., while in the course and scope of his employment with Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, operated a motor vehicle in a negligent, careless, reckless and/or grossly negligent manner so as to cause his motor vehicle to run over the body of Plaintiff, Christine Yelena Ortiz Berbey, causing severe and permanent injuries.

19. Mr. Kit while in the course and scope of his employment with Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, was under the influence of illegal drugs when operating a motor vehicle

in a negligent, careless, reckless and/or grossly negligent manner so as to cause his motor vehicle to run over the body of Plaintiff, Christine Yelena Ortiz Berbey, causing severe and permanent injuries.

20. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; Peak Campus Companies, LLC, and/or HRB Louisville, LLC, negligently managed and/or maintained the property by failing to take reasonable measures to ensure the safety of their residents who used the top floor of The Clubhouse Apartments' parking garage.

21. Defendant, HRB Louisville, LLC, as owner of The Clubhouse Apartments, also owed a duty to Plaintiff, to operate its premises in a safe and cautious manner, keeping its premises clear of dangerous and/or hazardous conditions, which it breached when it did not secure the top floor of the parking garage when it knew, should have had knowledge of and/or encouraged residents to use the top floor of the parking garage for exercising and/or walking their pets.

22. Plaintiff experienced and will continue to experience physical pain and suffering, and loss of enjoyment of life.

23. Plaintiff suffered damages for past medical expenses, future medical expenses, lost wages, future impairment of earning capacity, disfigurement and inconvenience.

### COUNT I: NEGLIGENT OPERATION OF A MOTOR VEHICLE

24. The allegations of the preceding paragraphs are re-alleged as if fully set forth below.

25. Defendant, Gary Kit, Jr., has duties under both Kentucky statutes and common law to operate a motor vehicle in a safe manner.

26. Pursuant to the facts above, Defendant Gary Kit, Jr., breached one or more of these statutory and common law duties, including but not limited to the duty to "drive carefully" under KRS 189.290 and to keep a proper lookout.

27. The statute set forth above is a Kentucky statute designed to protect motorists and pedestrians on the roadways and highways. Plaintiff falls into this protected class.

28. As a direct and proximate cause of the Defendant, Gary Kit, Jr.'s negligent motor vehicle operation, Plaintiff sustained injuries and legal damages as set forth in the facts above.

## COUNT II: GROSSLY NEGLIGENT/RECKLESS OPERATION OF A MOTOR VEHICLE

29. The allegations of the preceding paragraphs are re-alleged as if fully set forth below.

30. Defendant, Gary Kit, Jr., has duties under both Kentucky statutes and common law to operate a vehicle in a safe manner.

31. Pursuant to the facts above, Defendant Gary Kit, Jr., breached one or more of these statutory and common law duties, including but not limited to the duty to "drive carefully" under KRS 189.290 and to keep a proper lookout.

32. The statute set forth above is a Kentucky statute designed to protect motorists and pedestrians on the roadways and highways. Plaintiff falls into this protected class.

33. Defendant, Gar Kit, Jr., operated the motor vehicle while under the influence of illegal drugs at the time of the subject accident.

34. Defendant, Gary Kit, Jr., knowingly operated the motor vehicle while under the influence of illegal drugs at the time of the subject accident.

35. Defendant, Gary Kit, Jr., showed a reckless indifference to the lives of the public and Plaintiff when he knowingly operated his vehicle while under the influence of illegal drugs at the time of the subject accident.

36. Defendant, Gary Kit, Jr.'s gross negligence and/or reckless conduct shall be punished and an award of punitive damages shall be assessed against him.

37. As a direct and proximate cause of the Defendant, Gary Kit, Jr.'s grossly negligent and/or reckless motor vehicle operation, Plaintiff sustained injuries and legal damages as set forth in the facts above.

### COUNT III: RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

38. The allegations of the preceding paragraphs are re-alleged as if fully set forth below.

39. Defendant, Gary Kit, Jr., was employed by Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC at all times relevant to this action.

40. Defendant, Gary Kit, Jr., aforementioned acts described herein were committed within the scope of his employment with Defendants, Highland Student

Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC.

41. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC are responsible for those negligent, grossly negligent and/or reckless acts performed within the scope of Defendant, Gary Kit, Jr.'s employment via the doctrine of *respondeat superior*.

42. The Defendants' negligence was a direct and proximate cause of each injury alleged hereinabove.

## COUNT IV: NEGLIGENT HIRING/RETENTION/SUPERVISION

43. The allegations of the preceding paragraphs are re-alleged as it fully set forth below.

44. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, acted negligently in their hiring practices, including the retention of Defendant, Gary Kit, Jr. for the reasons set forth above.

45. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, acted negligently in failing to train, properly advise, supervise, instruct, and/or warn Defendant, Gary Kit, Jr., for the reasons set forth above.

46. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC;

and/or Peak Campus Companies, LLC, negligently hired, supervised, and/or retained Defendant, Gary Kit, Jr., when it knew or should have known of his habitual illegal drug use, reckless conduct, and that he was not fit to operate a motor vehicle.

47. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; and/or Peak Campus Companies, LLC, negligence in hiring, retaining, training, advising, instructing, supervising, and/or warning was a direct and proximate cause of each injury alleged hereinabove.

48. The Defendants' negligence was the direct and proximate cause of each injury alleged hereinabove.

## COUNT V: NEGLIGENT MAINTENANCE, FAILURE TO WARN, SECURITY, MANAGEMENT

49. The allegations of the preceding paragraphs are re-alleged as it fully set forth below.

50. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; Peak Campus Companies, LLC; and/or HRB Louisville, LLC, encouraged, knew and/or should have known that their residents were using the top floor of the parking garage for exercising and walking their pets, but failed to take reasonable precautions to ensure the safety of their residents that were using the top floor of the parking garage.

51. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; Peak Campus Companies, LLC; and/or HRB Louisville, LLC's own employees used the

top floor of the parking garage for exercising and walking their pets, but failed to take reasonable precautions to ensure the safety of their residents that were using the top floor of the parking garage.

52. Defendants, Highland Student Housing Holdings, LLC; Everest Campus Services Company, LLC; Everest Campus Central, LLC; Peak Campus Management, LLC; Peak Campus Companies, LLC; and/or HRB Louisville, LLC, negligently and/or recklessly maintained, failed to warn, secured and/or managed The Clubhouse Apartments; including, but not limited to the parking garage.

53. The Defendants' negligence was the direct and proximate cause of each injury alleged hereinabove.

## COUNT VI: NEGLIGENT OWNERSHIP

54. The allegations of the preceding paragraphs are re-alleged as it fully set forth below.

55. Defendant, HRB Louisville, LLC, had a duty to exercise reasonable care for the safety of all residents that occupied the subject property.

56. Defendant, HRB Louisville, LLC, breached that duty and acted negligently when it failed to take reasonable precautions to ensure the safety of the residents of the subject property that used the top floor of the parking garage to exercise and/or walk their pets.

57. The Defendant's negligence was the direct and proximate cause of each injury alleged hereinabove.

WHEREFORE, the Plaintiff, Christine Yelena Ortiz Berbey, by Counsel, respectfully demands as follows:

1. For judgment in favor of the named Plaintiff against the named Defendants, jointly and severally, for compensatory and punitive damages including but not limited to past pain and suffering, future pain and suffering, past medical expenses, future medical expenses, lost wages, future impairment of earning capacity, the increased likelihood of future complications, disfigurement and the loss of the enjoyment of life, all in excess of the minimum jurisdictional requirements of this court;

2. For an award of attorney fees and costs of suit;

3. For interest at the maximum legal rate until said judgments are paid in full by Defendants;

4. For a trial by jury on all issues so triable;

5. For their court costs, herein expended; and

6. For any and all other relief to which Plaintiff may appear entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Blake V. Edwards*
_____
Blake V. Edwards, Esq.
Michael S. Maloney, Esq.
Daniel I. Wenig, Esq
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
mmaloney@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Plaintiff,*
*Christine Ortiz*